**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| HEATHER WOODBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 1:20-cv-00276-NT |
| ) | |
| ETHICON, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Before me is the Defendants' motion to dismiss three counts of the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. ("**Defs.' Mot.**") (ECF No. 12). For the reasons stated below, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

In 2013, Plaintiff Heather Woodbury was implanted with a pelvic mesh medical device (the "**Pelvic Mesh**"), which was designed to treat her urinary incontinence. Compl. ¶¶ 19–20 (ECF No. 1). Ms. Woodbury alleges that this Pelvic Mesh caused her to suffer a number of severe side effects, including significant pain and dyspareunia. Compl. ¶¶ 21–22.

In her Complaint, the Plaintiff pleads eight claims,[1] of which the Defendants now move to dismiss three: the claims for negligence (Count III), negligent misrepresentation (Count IV), and violation of the Maine Unfair Trade Practices Act ("**MUTPA**") (Count VII[2]).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency" of a complaint. *Me. Educ. Ass'n Benefits Tr. v. Cioppa*, 842 F. Supp. 2d 373, 376 (D. Me. 2012). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That "short and plain statement" need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (complaint need not contain "an exposition of [plaintiff's] legal argument," nor must it "pin plaintiff's claim for relief to a precise legal theory").

---

[1] The Complaint has nine counts, but the ninth count is for punitive damages. *See* Compl. ¶¶ 124–36 (ECF No. 1).

[2] The Defendants' motion and the Plaintiff's response both refer to the Plaintiff's "consumer protection" claim, which they describe as comprising "Count V." *See* Mot. of Defs. Ethicon, Inc. & Johnson & Johnson for Partial Dismissal of Pl.'s Compl. for Failure to State a Claim 2 (ECF No. 12); Pl.'s Resp. in Opp. to Defs.' Rule 12(b)(6) Mot. for Partial Dismissal 1, 7 (ECF No. 14). However, Count VII is the only claim involving Maine's consumer protection act, *see generally* Compl., and the Defendants' memorandum in support of their motion makes clear that they are seeking to dismiss the Plaintiff's claim for violating the Maine Unfair Trade Practices Act, which is Count VII, *see* Mem. of Law in Supp. of Mot. of Defs. Ethicon, Inc. & Johnson & Johnson for Partial Dismissal of Pl.'s Compl. for Failure to State a Claim 2, 7–8 (ECF No. 13). I thus construe the Defendants' motion as a request to dismiss Count VII rather than Count V.

To determine whether a complaint states a claim, courts in the First Circuit follow a two-step analysis. First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014) (internal quotations omitted). Then, taking all well-pleaded facts as true and "drawing all reasonable inferences in plaintiff's favor," the court must determine whether the complaint "plausibly narrate[s] a claim for relief." *Id.* (internal quotations omitted). "Plausible" means "more than merely possible" but does not require all facts necessary to establish a prima facie case. *Id.* at 717–18 (internal quotations omitted). Although a plaintiff need not establish a prima facie case of his or her claim at the pleading stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). Distinguishing sufficient from insufficient pleadings is a "context-specific task." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

The Plaintiff does not contest the dismissal of the claims for negligent misrepresentation (Count IV) or violation of MUTPA (Count VII). The Defendants' motion to dismiss those two counts is **GRANTED**, and those claims are **DISMISSED** with prejudice. That leaves only one claim in dispute, the Plaintiff's negligence claim (Count III).

The Defendants argue that the Plaintiff's negligence claim "should be dismissed to the extent it alleges negligent manufacturing defect." Mem. of Law in

3

Supp. of Mot. of Defs. Ethicon, Inc. & Johnson & Johnson for Partial Dismissal of Pl.'s Compl. for Failure to State a Claim ("**Defs.' Mem.**") 4 (ECF No. 13). The Defendants contend that a negligence claim alleging a manufacturing defect is different from an ordinary negligence claim and that it requires a plaintiff to allege particular facts not found in the Complaint. Defs.' Mem. 5. And the Defendants argue that the Plaintiff has in fact sought to plead a manufacturing defect claim because she alleges that the Defendants "breached their duties with respect to the 'manufacture' " of the Pelvic Mesh. Defs.' Mem. 5 (emphasis deleted) (quoting Compl. ¶ 60). The Plaintiff responds that she has not sought to plead a manufacturing defect claim but rather only "seeks to hold Defendants responsible for their ordinary negligence." Pl.'s Resp. in Opp. to Defs.' Rule 12(b)(6) Mot. for Partial Dismissal ("**Pl.'s Resp.**") 2 (ECF No. 14).

The Defendants rest their motion solely on the Plaintiff's allegation that the Defendants breached their duty with respect to the "manufacture" of the Pelvic Mesh. *See* Defs.' Mem. 5. The Plaintiff has now clarified that she has not sought to plead a manufacturing defect claim, but rather she is pleading "alternative theories" of liability. Pl.'s Resp. 6. Given the narrow scope of the Defendants' motion, and the Plaintiff's specific disavowal of such a theory of liability, the Defendants' motion to dismiss Count III is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to dismiss (ECF No. 12). Counts IV and VII are **DISMISSED** with prejudice.

SO ORDERED.

                                            /s/ Nancy Torresen
                                            United States District Judge

Dated this 25th day of November, 2020.